THEO MITCHELL V. THE STATE.

No. 17938. Delivered March 25, 1936.

The opinion states the case.

*P. C. Del Barto* and *W. E. Brock,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder and his punishment was assessed at death.

The record shows that appellant and deceased, who were husband and wife, had been living with her father up to a short time prior to the fatal night; that while they lived with her father a disagreement arose between appellant and his father-in-law, which resulted in a personal combat, and this led to a separation of appellant and deceased. The State's contention was that appellant wilfully and with malice aforethought killed the deceased. Appellant's contention being that it was an accident. The State's testimony shows that on the night of the unfortunate affair appellant came to the home of his father-in-law where he and deceased spent several hours

on the front porch, both being apparently in good humor; that while they were on the porch appellant asked the deceased to bring him his pistol which she had taken to her father's home; that she went into the house, got the pistol, and took it to him; that he then asked her if she would take him back which she declined to do; thereupon appellant said if he could not have her, no one else should, and the gun fired. Appellant's testimony is to the effect that after the trouble with his father-in-law he obtained a room at Mary Sharp's home, where the deceased visited and spent part of her time there with him; that the deceased left a pair of her shoes at his apartment which he, at her request, took to her at her father's home; that while they were at her father's home talking generally he asked her to give him his pistol as he was going to Marshall that night to visit his mother; that she got the pistol, brought it to the porch, and was pranking with it; that he grabbed her hand and in the scuffle the pistol was accidentally discharged; that he became frightened and hurriedly left the premises.

Appellant's main contention is that the court erred in failing to instruct the jury on the law of circumstantial evidence, but no objection was made to the court's charge as required by Art. 658, C. C. P., and no special charge thereon was requested as prescribed by Art. 659, C. C. P.; hence the matter is not properly before this court for review. However, the record shows that two theories were raised by the evidence, one a wilful and deliberate homicide and the other an accidental killing. The State supported its theory by direct testimony and appellant supported his theory by his own testimony, which convinces us that a charge on circumstantial evidence was not required.

Appellant's next complaint is that the district attorney in his closing argument to the jury said that he had made a careful investigation of this case; that he would not ask for the death penalty if he was not thoroughly satisfied that appellant deserved it. No objection was made to the argument at the time it was made, if made, and no exception was taken thereto; hence the matter is not properly before this court for review. The first time that we find appellant complaining of the alleged argument is in his motion for a new trial. The court, on a hearing of the motion, heard evidence in support of the matters therein alleged and overruled it. The judge, who presided at the trial of this case, heard and saw what transpired and was in a better position to correctly determine the matters alleged

to have occurred than this court could possibly be and he certifies that the argument complained of was not made. We therefore overrule appellant's contention.

Appellant's next contention is that the evidence is not sufficient to warrent and sustain his conviction of murder with malice aforethought; that if guilty of any offense, he cannot be guilty of a greater offense than murder without malice. We are unable to agree with him. In order for this court to say as a matter of law that appellant was guilty of no greater offense than murder without malice, the uncontradicted testimony would need to show that the homicide was committed under the immediate influence of sudden passion arising from an adequate cause such as would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection. The court instructed the jury fully on the law of murder without malice and in addition charged them that if they found the defendant guilty of murder, but had a reasonable doubt whether it was committed with malice aforethought, then they should give him the benefit of such reasonable doubt and in such event could not assess a greater penalty than five years confinement in the state penitentiary. The question of whether or not the homicide was committed with or without malice aforethought was submitted to the jury for their determination from all the facts and circumstances in evidence, and was by them determined adversely to appellant. By reason of the extreme penalty having been imposed upon appellant we have carefully examined each and all of the errors complained of, but failed to find any which would justify a reversal of the judgment. Hence the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.